UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RONNIE V.,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:25-cv-01285-AR

OPINION AND ORDER

**ARMISTEAD, United States Magistrate Judge**

Ronnie V. challenges the Commissioner's final decision denying his disability benefits and supplemental security income, arguing that the Administrative Law Judge (ALJ) erred in analyzing the medical opinion of David McLendon, Ph.D. (Pl.'s Br. at 4-6, ECF 9.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With

that standard of review applied, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

**A.** ***David McLendon, Ph.D.*** Plaintiff challenges the ALJ's analysis of McLendon's December 11, 2023, consultative psychological exam of plaintiff. The ALJ cited McLendon's opinion at step two to find that plaintiff had "no more than a mild limitation concerning the claimant in any area of basic mental functioning," and that his mental limitations were nonsevere. (Tr. 34, citing Tr. 1489-91.) The ALJ did not, however, discuss McLendon's opinion when evaluating plaintiff's RFC.

Plaintiff argues that the ALJ erred by failing to consider McLendon's opinion when assessing his RFC. The court agrees. An ALJ must consider all the plaintiff's limitations when evaluating the RFC, even those that are nonsevere. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Here, the ALJ failed to account for plaintiff's nonsevere mental limitations, effectively rejecting McLendon's opinion without making findings about the persuasiveness of his opinion, or how it was analyzed for supportability and consistency. (Tr. 34); *see Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2) (ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors.")); *Anna C. v. O'Malley*, 734 F. Supp. 3d 1123, 1131 (concluding ALJ erred in failing to discuss mental limitations when evaluating RFC). The error was harmful because it is unknown if consideration of his nonsevere limitations would have resulted in a more restrictive RFC. Accordingly, the ALJ has erred.

\ \ \ \ \

\ \ \ \ \

**B.** ***Remedy.*** Remand for further administrative proceedings is necessary. As noted, the ALJ's error may have affected the remaining steps, including plaintiff's residual functional capacity (RFC). Plaintiff also highlights that there is conflict in McLendon's opinion that requires resolution by the ALJ. McLendon opined that plaintiff can understand, carry out, and remember "one-two-step directions," yet the ALJ ignored another portion of his opinion in which he opines that plaintiff "does not have the capacity to manage complex instructions or situations." (Pl.'s Br. at 5-6); *compare* (Tr. 34, citing Tr. 1492-98) ("the claimant underwent a fairly recent consultative examination with notation regarding functional capacity of an ability to understand, remember, carry out one to two step directions and that he has a limited ability to deal with normal pressures in a competitive work setting"), *with* (Tr. 1498) ("This person has the ability to understand, carry out, and remember one-two-step-directions but does not have the capacity to manage complex instructions or situations."). Those varied restrictions must be reconciled by the ALJ, as they could affect the RFC and the hypotheticals posed to the ALJ.

Plaintiff also did not challenge the ALJ's rejection of his subjective symptom testimony in this appeal and, therefore, several outstanding issues must be resolved before a determination of disability can be made. *See Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (noting that remand for further proceedings is appropriate when consideration of the record casts serious doubt as to claimant's disability as defined by the Social Security Act). The errors here are not "inconsequential to the ultimate nondisability determination." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

On remand, the ALJ will reevaluate McLendon's medical opinion addressing its supportability and consistency with the record. As warranted, the ALJ will reevaluate plaintiff's

RFC, obtain any supplemental vocational expert evidence, and conduct any other reasonable measures necessary. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (stating that remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding").

**CONCLUSION**

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings.

ORDERED: August 31, 2026.

JEFF ARMISTEAD
United States Magistrate Judge